IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,
    Plaintiff,

vs.                                                Case No.: 3:18cv309/LAC/EMT

STEVENSON AND KLOTZ LAW FIRM,
and CHRISTOPHER KLOTZ,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 5). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 7).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations

of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Amended Complaint, the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Case No.: 3:18cv309/LAC/EMT

Page 3 of 5

Plaintiff alleges that he was legally represented by Defendants Eric Stevenson and Chris Klotz, whom he retained to defend against criminal charges in Escambia County, Florida (ECF No. 5 at 3). Plaintiff alleges that Klotz took too long with his case, filing continuances. He alleges Klotz called him at home and asked him inappropriate questions, defamed him, and generally committed malpractice as his attorney. Plaintiff claims as a result he was illegally imprisoned and sent to a state hospital. As relief, Plaintiff seeks monetary damages.

Plaintiff fails to state a plausible claim for relief under § 1983. To state a claim for relief in a § 1983 action, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999).

Because private citizens do not generally act under color of state law, they are not ordinarily subject to suit under Section 1983. See West v. Atkins, 108 S. Ct. 2250, 2255, 487 U.S. 42, 49 (1988); Allaben v. Howanitz, 579 F. App'x 716, 718 (11th Cir. 2014); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private defendants can be held liable under Section 1983 only when they act "in concert with" state actors while depriving others of constitutional rights. Bendiburg v. Dempsey, 909 F.2d 463,

Case No.: 3:18cv309/LAC/EMT

468 (11th Cir. 1990). Defendants are private attorneys who acted on behalf of Plaintiff in state proceedings. Neither public defenders nor retained attorneys act under color of state law simply because they represent persons accused of criminal offenses. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Therefore, Plaintiff's claims against Defendants are subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 3rd day of April 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:18cv309/LAC/EMT

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:18cv309/LAC/EMT